# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Kareem Hargett, | : Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Wells Fargo Bank, N.A., | : **COMPLAINT** |
| | : **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, Plaintiff, Kareem Hargett, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Kareem Hargett ("Plaintiff"), is an adult individual residing in Tacoma, Washington, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), is a Virginia business entity with an address of 101 North Phillips Avenue, Sioux Falls, South Dakota 57104 , and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. Within the last four years, Wells Fargo began placing calls to Plaintiff's cellular telephone, number 253-xxx-8345, in an attempt to collect a consumer debt (the "Debt") allegedly owed by Plaintiff.

6. At times mentioned herein, Wells Fargo called Plaintiff on his cellular telephone from telephone number 800-678-7986 using an automatic telephone dialing system ("ATDS").

7. When Plaintiff answered calls from Wells Fargo, he heard silence and had to wait on the line before being connected to the next available representative.

8. In or around December 2014, Plaintiff requested that all calls to his cellular telephone from Wells Fargo cease.

9. Nevertheless, Wells Fargo continued to place automated calls to Plaintiff's cellular telephone.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, et seq.

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. At all times mentioned herein, Defendant called Plaintiff on his cellular telephone using an ATDS or predictive dialer.

12. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

13. Defendant's telephone system(s) have some earmarks of a predictive dialer.

14. When Plaintiff answered calls from Wells Fargo, he heard silence before Defendant's telephone system would connect him to the next available representative.

15. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Defendant placed automated calls to Plaintiff despite knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

    A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 25, 2015

        Respectfully submitted,

        By: /s/ Sergei Lemberg, Esq.
        Attorney Bar No.: 598666
        Attorney for Plaintiff Kareem Hargett
        LEMBERG LAW, L.L.C.
        1100 Summer Street, Third Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250 ext. 5500
        Facsimile: (203) 653-3424
        Email: slemberg@lemberglaw.com